**FILED**

September 06, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ MGR

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff**<br><br>v.<br><br>**(1) JOSE EMIGDIO Q. MENDOZA**<br>██████████████████<br>██████████████████<br><br>**Defendants** | **No. SA-23-CR-185-DAE**<br><br><br>**SUPERSEDING INDICTMENT**<br><br>**COUNT 1:** 18 U.S.C. § 933<br>Conspiracy to Traffic Firearms<br><br>**COUNT 2:** 18 U.S.C. § 933, 2<br>Trafficking in Firearms, Aiding & Abetting<br><br>**COUNT 3:** 18 U.S.C. § 932<br>Conspiracy to Straw Purchase Firearms<br><br>**COUNT 4:** 18 U.S.C. § 922(a)(1)(A)<br>Dealing Firearms Without a License<br><br>**COUNTS 5-7:** 18 U.S.C. § 922(a)(6)<br>Falsifying Information When Buying<br>Firearms |

THE GRAND JURY CHARGES:

**COUNT ONE**
**[18 U.S.C. § 933]**

From on or about December 7, 2022, the exact date being unknown, to on or about May 5, 2023, in the Western and Southern Districts of Texas, Defendants,

**(1) JOSE EMIGDIO Q. MENDOZA**



did knowingly conspire to ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm, including, but not limited to, Barrett .50 caliber rifles and FN SCAR rifles, to another person in and affecting interstate and foreign commerce, knowing and having reasonable

1

cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony, in violation of Title 18, United States Code, Sections 933(a)(1) and 933(a)(3).

## COUNT TWO
**[18 U.S.C. §§ 933, 2]**

On or about February 16, 2023, in the Western District of Texas, Defendants,

### (1) JOSE EMIGDIO Q. MENDOZA
████████████████████████████

aided and abetted by each other, did knowingly ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm, to wit, an FN M249S 5.56 caliber belt-fed rifle, to another person in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony, and did attempt to do the same, in violation of Title 18, United States Code, Sections 933(a)(1) and 2.

## COUNT THREE
**[18 U.S.C. § 932]**

From on or about August 11, 2022, the exact date being unknown, to on or about May 5, 2023, in the Western and Southern Districts of Texas, Defendants,

████████████████████████████

did knowingly purchase, and conspire to purchase, a firearm in and affecting interstate and foreign commerce, including, but not limited to, Barrett .50 caliber rifles and FN SCAR rifles, for, on behalf of, and at the request and demand of any other person, knowing and having reasonable cause to believe that such other person intended to use, carry, possess, and sell and otherwise dispose of the firearm in furtherance of a felony, in violation of Title 18, United States Code, Section 932.

## COUNT FOUR
### [18 U.S.C. § 922(a)(1)(A)]

From on or about December 23, 2019, to on or about March 11, 2023, in the Western District of Texas, Defendant,

### (1) JOSE EMIGDIO Q. MENDOZA

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A).

## COUNT FIVE
### [18 U.S.C. § 922(a)(6)]

On or about March 10, 2023, in the Western District of Texas, Defendant,

### (1) JOSE EMIGDIO Q. MENDOZA

in connection with the acquisition of a firearm, to wit, a Barrett Firearms Manufacturing, M107A1, .50 caliber rifle, bearing serial number AE010248, from Rooftop Tactical Arms LLC, Inc. ("Rooftop Tactical Arms"), a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Rooftop Tactical Arms, which statement was intended and likely to deceive Rooftop Tactical Arms as to a fact material to the lawfulness of such acquisition of the said firearm to the defendant under chapter 44 of Title 18, in that **JOSE EMIGDIO Q. MENDOZA** executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, stating he was the actual buyer of the firearm indicated on the Form 4473, when in fact as he then knew, he was not the actual buyer of the firearm, in violation of Title 18, United States Code, Section 922(a)(6).

## COUNT SIX
### [18 U.S.C. § 922(a)(6)]

3

On or about March 10, 2023, in the Western District of Texas, Defendant,

**(1) JOSE EMIGDIO Q. MENDOZA**

in connection with the acquisition of a firearm, to wit, an FNH USA, M249S, 5.56 caliber rifle, bearing serial number M249SA08118, from The Gun Range, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to The Gun Range, which statement was intended and likely to deceive The Gun Range as to a fact material to the lawfulness of such acquisition of the said firearm to the defendant under chapter 44 of Title 18, in that **JOSE EMIGDIO Q. MENDOZA** executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, stating he was the actual buyer of the firearm indicated on the Form 4473, when in fact as he then knew, he was not the actual buyer of the firearm, in violation of Title 18, United States Code, Section 922(a)(6).

**COUNT SEVEN**
**[18 U.S.C. § 922(a)(6)]**

On or about March 11, 2023, in the Western District of Texas, Defendant,

**(1) JOSE EMIGDIO Q. MENDOZA**

in connection with the acquisition of firearms, to wit, an FN Herstal, SCAR 17S, 7.62/.308 caliber rifle, bearing serial number H1C17156, and an FN Herstal SCAR 17S, 7.62/.308 caliber rifle, bearing serial number H1C18973, from Nagel's Gun Shop, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Nagel's Gun Shop, which statement was intended and likely to deceive Nagel's Gun Shop as to a fact material to the lawfulness of such acquisition of the said firearms to the defendant under chapter 44 of Title 18, in that **JOSE EMIGDIO Q. MENDOZA** executed a

Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, stating he was the actual buyer of the firearms indicated on the Form 4473, when in fact as he then knew, he was not the actual buyer of the firearms, in violation of Title 18, United States Code, Section 922(a)(6).

## <u>NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE</u>
### [*See* Fed. R. Crim. P. 32.2]

### I.
### <u>Firearm Violations and Forfeiture Statutes</u>
### [Title 18 U.S.C. §§ 932 and 933(a)(3), subject to forfeiture pursuant to Title 18 U.S.C. § 934(a)(1)(A) and (B)]

As a result of the criminal violations set forth in Counts One, Two and Three, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction and as part of sentencing pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 934(a)(1)(A) and (B), which state:

> **Title 18 U.S.C. § 934. Forfeiture and Fines.**
> **(a) Forfeiture. --**
> **(1) In general**. -- Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law--
> (A) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
> (B) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . .

### II.
### <u>Firearms Violations and Forfeiture Statutes</u>
### [Title 18 U.S.C. § 922(a)(1)(A) and (a)(6), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth Counts Four through Seven, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property described below upon conviction and as part of sentencing pursuant to Fed. R. Crim. P. 32.2 and

Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

**Title 18 U.S.C. § 924. Penalties**

**(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (a) . . . of section 922 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . .

This Notice of Demand for Forfeiture includes but is not limited to the following property:

**(1) JOSE EMIGDIO Q. MENDOZA:**
1. FNH USA M249S belt-fed 5.56 caliber rifle, bearing serial number M249SA08118;
2. Barrett Firearms M107A1 .50 BMG rifle, bearing serial number AEO10248;
3. FN Herstal, SCAR 17S, 7.62/.308 caliber rifle, bearing serial number H1C17156;
4. FN Herstal SCAR 17S, 7.62/.308 caliber rifle, bearing serial number H1C18973;
5. $24,000, more or less, in U.S. currency; and
6. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses.

███████████████████████████
1. Barrett Firearms M107A1 .50 BMG rifle, bearing serial number AE010395; and
2. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses.

A TRUE BILL

████████████████████████

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
FOR WILLIAM F. CALVE
Assistant United States Attorney