Ay UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. SA-23-CR-00185-DAE |
| | § | |
| (1) JOSE EMIGDIO Q. MENDOZA, | § | |
| | § | |
| Defendant. | § | |
| | § | |

UNITED STATES OF AMERICA'S
**MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney and files this Motion for Preliminary Order of Forfeiture pursuant to the provisions of Title 21 U.S.C. § 853(n)(1)-(7), and Fed. R. Crim. P. 32.2(b)(2), 32.2(b)(2)(B), and 32.2(c)(1), and in support thereof states the following:

**I.**

On January 29, 2026, Defendant JOSE EMIGDIO Q. MENDOZA pled guilty pursuant to a written Plea Agreement (Doc. 433) to Counts Nine and Twelve of the Third Superseding Indictment (Doc. 247) returned against him, charging him with the violation of Title 18 U.S.C. § 922(a)(1)(A)/(a)(6).   The Third Superseding Indictment also included a Notice of Government's Demand for Forfeiture which gave notice that the United States seeks the criminal forfeiture of the property described below pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), namely:

1. $24,000, more or less, in United States currency; and
2. Any and all property, real or personal, constituting, or derived from, proceeds, or used in the commission of the criminal offense,

hereinafter referred to as the "Subject Property."

## II.

The United States of America moves the Court to find that the Defendant has an interest in the Subject Property and that the United States of America has proven by a preponderance of the evidence the nexus between the Subject Property and the violation of Title 18 U.S.C. § 922(a)(1)(A)/(a)(6) by virtue of the Defendant's guilty plea with the factual basis contained therein.

Accordingly, the United States of America moves this Honorable Court for entry of a Preliminary Order of Forfeiture, which forfeits all right, title, and interest of the Defendant in the Subject Property.

## III.

The United States moves the Court, pursuant to Title 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), for an Order authorizing the United States through its lawfully designated agents and agencies, including the Bureau of Alcohol, Tobacco, Firearms and Explosives, to seize, take custody, control and possession of the Subject Property whether held by the Defendant or a third party.

## IV.

The United States further moves the Court, pursuant to Fed. R. Crim. P. 32.2(b)(6)(A) and (C) and Title 21 U.S.C. § 853(n)(1), for an Order authorizing the United States to cause publication for at least 30 consecutive days on an official government internet web site (www.forfeiture.gov) of notice of the Preliminary Order of Forfeiture, and of its intent to dispose of the Subject Property in such manner as the United States directs.

The United States of America further moves this Court for an Order authorizing that the

2

contents of the published notice be in compliance with Fed. R. Crim. P. 32.2(b)(6)(B).

## V.

The United States further moves the Court, pursuant to Fed. R. Crim. P. 32.2(b)(6)(A), for an Order authorizing the United States to send direct notice of the Preliminary Order of Forfeiture to any person or entity who reasonably appears to the United States to be a potential petitioner with standing to contest the forfeiture in the ancillary proceeding.

The United States of America further moves this Honorable Court that Appendix A[1] be served on potential petitioners along with the Preliminary Order of Forfeiture.

## VI.

Pursuant to Fed. R. Crim. P. 32.2(c)(1)(B) and in an effort to promote judicial economy, the United States further moves the Court for an Order authorizing the United States to commence discovery proceedings, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas pursuant to Fed. R. Civ. P. 45, at the time that any petitions are filed in order to resolve any third-party issues.

## VII.

Lastly, the United States moves the Court, pursuant to Fed. R. Crim. P. 32.2(b)(4)(B), to order that at the time of the sentencing of the Defendant the forfeiture of the Subject Property be included in his Judgment in a Criminal Case.

WHEREFORE, PREMISES CONSIDERED, the United States of America moves this Honorable Court for entry of a Preliminary Order of Forfeiture.

---

[1]Appendix A, which is entitled "Direct Notice of Preliminary Order of Forfeiture," sets forth the appropriate procedures, deadlines and applicable statutes necessary to file a third-party petition.

3

Respectfully submitted,

JUSTIN R. SIMMONS
Acting United States Attorney

By:        /s/
RAY A. GATTINELLA
Assistant United States Attorney
Asset Forfeiture Section
Texas Bar No. 00798202
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7040
Fax: (210) 384-7045
Email: Ray.Gattinella@usdoj.gov

Attorney for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2026, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to counsel of record.

        /s/
Ray A. Gattinella
Assistant United States Attorney

4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.   SA-23-CR-00185-** |
| | § | **DAE** |
| **(1) JOSE EMIGDIO Q. MENDOZA,** | § | |
| | § | |
| **Defendant.** | § | |

## DIRECT NOTICE OF PRELIMINARY ORDER OF FORFEITURE

Notice is hereby given that in the case of *U.S. v. (1) JOSE EMIGDIO Q. MENDOZA* Criminal No. SA-23-CR-00185-DAE the United States District Court for the Western District of Texas entered a Preliminary Order of Forfeiture condemning and forfeiting the following property to the United States of America:

1. $11,000, more or less, in United States currency; and
2. Any and all property, real or personal, constituting, or derived from, proceeds, or used in the commission of the criminal offenses.

The United States hereby gives notice of its intent to dispose of the forfeited property in such manner as the United States Attorney General may direct. Any person, other than the defendant, asserting a legal interest in Property which has been ordered forfeited to the United States must file a petition within 30 days of the final publication of notice or his receipt of notice, whichever is earlier pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21 U.S.C. §§ 853(n)(1)-(3).   The petition must be filed with the Clerk of the Court, 262 West Nueva Street, Room 1-400, San Antonio, Texas 78207, and a copy served upon Assistant United States Attorney Ray A. Gattinella, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216.

The petition must comply with the requirements of Title 21 U.S.C. § 853(n).

If you fail to file a petition to assert your interest in the above-described property within the time prescribed above, your interest in this property will be lost and forfeited to the United States, which will then have clear title to the property and will dispose of the property in accordance with the law.

**Appendix A**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. SA-23-CR-00185-DAE** |
| | § | |
| **(1) JOSE EMIGDIO Q. MENDOZA,** | § | |
| | § | |
| **Defendant.** | § | |

## PRELIMINARY ORDER OF FORFEITURE

Came on to be considered the United States of America's Motion for Preliminary Order of Forfeiture, pursuant to the provisions of Title 21 U.S.C. § 853(n)(1)-(7), and Fed. R. Crim. P. 32.2(b)(2), 32.2(b)(2)(B), and 32.2(c)(1), and this Court being fully and wholly apprised in all its premises, finds that the United States has established by a preponderance of the evidence a nexus between the property described below and the violation of Title 18 U.S.C. § 922(a)(1)(A)/(a)(6) by virtue of Defendant JOSE EMIGDIO Q. MENDOZA's Plea Agreement with the factual basis contained therein, and that the Defendant has an interest in said property. As such, said Motion is meritorious, and hereby is in all things GRANTED.

IT IS THEREFORE ORDERED that all right, title, and interest of the Defendant in the property described below, namely:

1. $11,000, more or less, in United States currency; and
2. Any and all property, real or personal, constituting, or derived from, proceeds, or used in the commission of the criminal offenses,

hereinafter referred to as the Subject Property be, and hereby are FORFEITED to the United States of America; and

IT IS FURTHER ORDERED that upon entry of the Preliminary Order of Forfeiture, the United States through its lawfully designated agents and agencies, including the Bureau of

Alcohol, Tobacco, Firearms and Explosives, shall seize, take custody, control, and possession of the Subject Property whether held by the defendant or a third party; and

IT IS FURTHER ORDERED that the United States shall cause publication for at least 30 consecutive days on an official government internet website (www.forfeiture.gov) of the notice of the Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the United States directs.   The United States must send notice to any person or entity who reasonably appears to be a potential petitioner with standing to contest the forfeiture in the ancillary proceeding; and

IT IS FURTHER ORDERED that the United States shall send Direct Notice of the Preliminary Order of Forfeiture, Appendix A, which is attached to the United States of America's Motion for Preliminary Order of Forfeiture, and incorporated herein to those known to the United States to have an interest in the Subject Property; and

IT IS FURTHER ORDERED that in the event a third-party petition is filed as to the Subject Property the United States shall commence discovery proceedings, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas pursuant to Fed. R. Civ. P. 45, to resolve any third-party issues; and

IT IS FURTHER ORDERED that at the time of the sentencing of the Defendant the forfeiture of the Subject Property shall be included in his Judgment in a Criminal Case.

IT IS SO ORDERED.

SIGNED this _____ day of _____, 2026.


_____
HONORABLE DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE


2